**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL FOREIGN TRADE COUNCIL, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | Case No. 06 C 4251 |
| ALEXI GIANNOULIAS, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

The National Foreign Trade Council, eight Illinois municipal pension funds, and eight beneficiaries of public pension funds (collectively, NFTC), brought this action pursuant to 42 U.S.C. § 1983 against the Treasurer and Attorney General of Illinois, and the Secretary of the Illinois Department of Financial and Professional Regulation, seeking to enjoin enforcement of the Illinois Act to End Atrocities and Terrorism in the Sudan, 15 ILCS 520/22.5, 15 ILCS 520/22.6, and 40 ILCS 5/1-110.5 (Illinois Sudan Act), which sought to impose various restrictions on the deposit of state funds in financial institutions whose customers have certain types of connections with Sudan and on the investment of public pension funds in Sudan-connected entities. On February 23, 2007, the Court granted NFTC's motion for a permanent injunction barring enforcement of the Illinois Sudan Act. *Nat'l Foreign Trade Assoc. v. Giannoulias*, No. 06 C 4251, 2007 WL 627630 (N.D. Ill. Feb. 23, 2007).

NFTC now seeks $355,332 in attorney's fees pursuant to 42 U.S.C. § 1988. For the reasons stated below, the Court awards plaintiffs $253,168.75 in attorney's fees.

**Background**

On June 25, 2005, Governor Rod Blagojevich signed the Illinois Sudan Act. The Act sought to amend the Deposit of State Moneys Act (15 ILCS 220/22.5-22.6) and the Illinois Pension Code (40 ILCS 5/1-110.5) to prohibit certain investments in the government of Sudan and companies doing business in or with Sudan. NFTC initially moved for a preliminary injunction, but with the parties' agreement, the Court combined the hearing on the motion with trial on the merits pursuant to Federal Rule of Civil Procedure 65(d)(2).

NFTC sought to enjoin enforcement of the Illinois Sudan Act on four grounds. It argued that the Act is preempted by federal law governing relations with Sudan, interferes with the federal government's ability to conduct foreign affairs, violates the Constitution's Foreign Commerce Clause, and is preempted by the National Bank Act, 12 U.S.C. §§ 21-216(d). On February 23, 2007, the Court permanently enjoined defendants from enforcing the Illinois Sudan Act, holding that the Act's amendment to the Deposit of State Moneys Act violates the Supremacy Clause and interferes with the national government's foreign affairs power and that the Act's amendment to the Illinois Pension Code violates the Foreign Commerce Clause. The defendants have appealed the Court's ruling enjoining enforcement of the Illinois Sudan Act. On June 5, 2007, the Court of Appeals granted defendants' motion to suspend briefing due to pending amendments to the Illinois Sudan Act introduced in the Illinois General Assembly. Briefing on appeal is still suspended.

**Discussion**

Courts are authorized to award attorney's fees to the prevailing party in an action brought under section 1983. *See* 42 U.S.C. § 1988. Defendants do not dispute that NFTC is entitled to

attorney's fees. They contend, however, that the amount NFTC seeks is unreasonably high, and they instead propose that the fee award be reduced to $127,195.

**1.      Attorney rates**

The reasonable hourly rate for an attorney is the market rate for his services. *See Fogle v. William Chevrolet/ Geo, Inc.*, 275 F.3d 613, 615 (7th Cir. 2001). "An attorney's market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chic.*, 175 F.3d 544, 555 (7th Cir. 1999) (citations omitted). There is a presumption that an attorney's actual billing rate is the best measure of the market rate for his services. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). An attorney seeking fees has the burden of proving his market rate, but once he does, opposing counsel bears the burden of showing why the hourly rate should be lower. *Spegon*, 175 F.3d at 554-55.

NFTC claims the following market rates for its attorneys at Winston & Strawn:

| **Attorney** | **Level** | **Hourly Rate** |
|---|---|---|
| J. Anderson | Not identified | $370 |
| J. Bauer | Senior partner | $525, $550 |
| M. Bess | Not identified | $365, $415 |
| D. Coletti | Not identified | $290 |
| E. Hirschhorn | Senior partner | $510, $565 |
| S. Johnson | Not identified | $450 |
| J. Kness | Not identified | $285 |
| J. Loshin | Not identified | $235 |
| A. Pearce | Junior associate | $260, $320 |
| P. Pilecki | Not identified | $540 |

3

| G. Schaerr | Senior partner | $650, $715 |

Defendants contend that these rates are unreasonably high and that NFTC has not provided sufficient support to show that these are the market rates for its attorneys' services. It proposes that Winston & Strawn's senior attorneys' rates be reduced to $350 per hour (attorneys Bauer, Hirschhorn, Pilecki, and Schaerr), Ms. Bess' rate be reduced to $225 per hour, and all other attorneys' rates be reduced to $200 per hour.

As an initial matter, NFTC has not provided information regarding the qualifications or level of experience of seven of the attorneys for whom it seeks fees. Without this information, it is impossible for the Court to determine whether the fees sought are reasonable. As a result, NFTC has not met its burden of documenting the reasonableness of the rates charged by these attorneys. *See Tomazzoli v. Sheedy*, 804 F.2d 93, 96 (7th Cir. 1996). The Court therefore reduces the rates for these attorneys to the rates proposed by defendants: $350 per hour for Mr. Pilecki and Mr. Johnson, $225 per hour for Ms. Bess, and $200 per hour for Mr. Anderson, Ms. Coletti, Mr. Kness, and Mr. Loshin.

As support for its position that Winston & Strawn's rates are reasonable, NFTC points to a *National Law Journal* survey showing hourly rates at various law firms in Chicago and around the country. The survey includes eight Chicago firms other than Winston & Strawn. As discussed below, the Court disallows Mr. Schaerr's hours because they are unnecessary and duplicative of the other senior partners assigned to the case. Therefore, the Court need not consider whether the survey adequately supports Mr. Schaerr's rates. The Chicago firm's top partners bill out at between $560 and $695 per hour, with average partners billing out at somewhat lower rates. The rates for associates at the firms identified on the *National Law*

4

*Journal* survey range from $190 to $410 per hour. In sum, the survey, unrebutted by defendants, provides an adequate basis for the rates sought by NFTC for Ms. Bauer, Mr. Hirschhorn, and Mr. Pearce.

NFTC also provides an affidavit from David Bradford, a partner at Jenner & Block, to support its contention that the hourly rates NFTC seeks for Mr. Hirschhorn, Mr. Schaerr and Ms. Bauer are reasonable. Mr. Bradford avers that, based on his experience, the rates sought are comparable to those charged by attorneys of like seniority and experience at firms in Chicago and Washington, D.C. Again, the Court need not address Mr. Schaerr's rate. Mr. Bradford's affidavit also adequately supports NFTC's proposed rates for Mr. Hirschhorn and Ms. Bauer. Defendants have come forward with no evidence to suggest that the rates charged by Mr. Hirschhorn and Ms. Bauer are not reasonable market rates for senior partners at large Chicago law firms.

**2.     Paralegal rates**

The reasonable hourly rates for paralegals are also the market rates for their services. *Spegon*, 175 F.3d at 556. NFTC seeks $175 per hour for Ms. Poziopoulous, and $190 and $210 per hour for Ms. Mooney. Defendants contend that these rates are too high and should be reduced to $105 per hour. NFTC has not provided any information regarding the reasonableness of these rates, nor has it provided information regarding the qualifications and experience level of its paralegals. Moreover, Ms. Mooney's $210 rate is very close to the rate charged by Winston's junior associates. The Court therefore agrees that the proposed rates should be adjusted. The Court reduces Ms. Poziopoulous' rate to $130 per hour, and Ms. Mooney's rate to $175 per hour.

**3.     Hours**

The party seeking fees has the burden of proving the reasonableness of the hours worked by counsel. *Spegon*, 175 F.3d at 555. Here, NFTC attorneys spent 808.25 hours litigating this case. It contends that this is a reasonable amount of time to have spent on the case, considering the complexity of the issues involved, the need to oppose a motion to dismiss, brief a motion for preliminary injunction, and present oral argument on the merits. Defendants raise several specific objections to the hours claimed by NFTC and contend that only 439.25 hours should be compensable.

First, defendants argue that several of the tasks performed by Winston's paralegals constituted clerical work that is not compensable. Second, they argue that it was excessive for four attorneys (three partners and one associate) to spend in excess of 70 hours preparing NFTC's complaint. Third, they contend that it was excessive for six attorneys (three partners and three associates) to spend 138.45 hours addressing defendants' motion to dismiss. Finally, they argue that it was excessive for five attorneys (three partners and two associates) to spend 158.7 hours preparing and drafting the motion for preliminary injunction. NFTC does not respond to these objections directly but argues that defendants have not submitted evidence showing that the hours submitted by NFTC are excessive or unreasonable. It is NFTC's burden, however, to show that the hours worked were reasonable. *Id.*

The Court agrees, to some extent, that NFTC seeks to recover fees for paralegal work that could have been performed by clerical personnel. In particular, NFTC seeks $2,012.50 for a paralegal spending 11.5 hours creating a table of contents and table of authorities. This task is a clerical task that is not separately compensable. The Court therefore disallows this portion of the

fee petition. The other tasks to which defendants object, however, are proper tasks for paralegals. These include pulling cases and pleadings in preparation for oral argument and redacting purportedly privileged items from legal bills. The time billed for these tasks is reasonable and properly included in the fee award.

The Court agrees that some of the hours spent by NFTC's attorneys were duplicative and unnecessary. First, it appears that the 55.7 hours billed by Mr. Schaerr to this matter were duplicative. Though Mr. Schaerr is undoubtedly a highly skilled attorney, NFTC has provided no evidence to support its position that his work on this case did not simply duplicate that of the two senior partners who were NFTC's primary counsel, Ms. Bauer and Mr. Hirschhorn. The Court therefore disallows the 55.7 hours billed by Mr. Schaerr. In addition, NFTC has not shown that it was necessary to have four attorneys drafting and revising the complaint, six attorneys drafting a response to defendants' motion to dismiss, and five attorneys preparing NFTC's motion for preliminary injunction. With so many attorneys working on these submissions, efforts undoubtedly were duplicated. Indeed, the hours spent on these tasks, almost 140 hours on the response to the motion to dismiss and 160 hours on the motion for preliminary injunction, are excessive and do not support a conclusion that NFTC exercised "billing judgment" in submitting its petition. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Because NFTC did not provide the Court with a summary of the number of hours each time keeper billed per task (preliminary injunction, motion to dismiss, etc.), however, the Court cannot easily reduce the number of hours spent on each task to a reasonable amount. In such a situation, a court may reduce the fee award by a proportionate amount. *See Harper v. City of Chicago Heights*, 223 F.3d 593, 604-05 (7th Cir. 2000) (court may reduce fee award by

proportionate amount when hours billed are insufficiently documented). The Court, therefore, reduces the fees sought by NFTC by fifteen percent, which the Court believes sufficiently reflects the inefficiencies created by having such a large number of attorneys working on the same tasks.

**4.      Summary**

NFTC seeks $355,332 in attorney's fees. The Court reduces this amount by $2,012.50 to reflect the hours spent preparing a table of contents and table of authorities that are not compensable, and $36,302.50 for the duplicative hours billed by Mr. Schaerr. The Court also reduces the fee request by $19,171.25, which reflects the reductions in attorney and paralegal rates set forth above. These adjustments result in a revised base amount of $297,845.75. Finally, the Court reduces this amount by fifteen percent ($44,677) to reflect the duplicative work performed by NFTC's attorneys.

**Conclusion**

For the reasons stated above, the Court grants NFTC's fee petition [docket no. 69] in part. The Court awards NFTC attorney's fees of $253,168.75.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:   September 7, 2007